Matter of Brill (Commissioner of Labor) (2019 NY Slip Op 06660)





Matter of Brill (Commissioner of Labor)


2019 NY Slip Op 06660


Decided on September 19, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 19, 2019

527525

[*1]In the Matter of the Claim of David H. Brill, Appellant. Commissioner of Labor, Respondent.

Calendar Date: August 30, 2019

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Devine, JJ.


David H. Brill, Suffern, appellant pro se.
Letitia James, Attorney General, New York City (Linda D. Joseph of counsel), for respondent.



Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 5, 2018, which denied claimant's application to reopen and reconsider a prior decision.
Claimant applied for unemployment insurance benefits in March 2008. The Department of Labor found that claimant was ineligible to receive benefits effective July 7, 2008 to May 24, 2009, charged him with various recoverable overpayments of benefits and reduced his right to receive future benefits for 356 days for making willful misrepresentations to obtain benefits. Following a hearing, an Administrative Law Judge upheld the Department's determinations and, in a decision filed February 6, 2012, the Unemployment Insurance Appeal Board affirmed. In 2018, claimant applied to reopen the Board's 2012 decision. The Board denied the application, and claimant appeals.
We affirm. "Whether to grant an application to reopen a decision is within the discretion of the Board and, absent a showing that the Board abused its discretion, its decision will not be disturbed" (Matter of Kendricks [Commissioner of Labor], 1 AD3d 682, 682-683 [2003] [citation omitted]; accord Matter of Raissi [Commissioner of Labor], 172 AD3d 1814, 1815 [2019]). In support of his application, claimant submitted a 2018 letter written by the managing partner of his purported employer in which the partner states that claimant has been "a long-term supplier of products and services" to the purported employer not as an employee but, rather, under claimant's own corporation name. The letter does not, however, address what compensation claimant or his corporation may have received for these services, nor does it refute the Board's findings that claimant was not totally unemployed during the time in question and that he made willful misrepresentations to receive benefits. As such, we cannot conclude that the Board abused its discretion in denying claimant's application to reopen (see Matter of Pearson [Town Hall Found., Inc.-Commissioner of Labor], 167 AD3d 1178, 1180 [2018]; Matter of Wood [Commissioner of Labor], 24 AD3d 854, 855 [2005]).
Egan Jr., J.P., Lynch, Clark, Mulvey and Devine, JJ., concur.
ORDERED that the decision is affirmed, without costs.